UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CAREY LOUIS HOOD (#299810)

VERSUS                                          CIVIL ACTION

SGT. KIMBERLY VESSEL, ET AL                     NUMBER 13-303-JJB-SCR

**RULING ON MOTION FOR PRELIMINARY INJUNCTION**

Before the court is the plaintiff's Motion for Preliminary Injunction. Record document number 3.

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Sgt. Kimberly Vessel, Lt. Jacob, Lt. Libby Roblin, Capt. Michelle Piazza, Maj. Dixson, Reginald Ladmirault, Diane Peabody, Asst. Warden Chad Menzina, Dr. Jason Collin and Warden Burl Cain. Plaintiff alleged that he was issued a false disciplinary report in retaliation for filing an administrative grievance against a correctional officer, he was denied due process at a disciplinary board hearing and during the disciplinary board appeal process, he was subjected to unconstitutional conditions of confinement, and he was denied prompt medical and mental health treatment in violation of his constitutional rights.

Plaintiff also filed a motion for preliminary injunction seeking release from segregation, expungement of the disciplinary report issued May 30, 2012 and an order requiring that all disciplinary board hearings be conducted in accordance with the Fourteenth Amendment.

A preliminary injunction is an extraordinary equitable remedy

that may be granted only if the plaintiff establishes four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest. *Hoover v. Morales*, 164 F.3d 221 (5th Cir. 1998). Additionally, in accordance with the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the federal right, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a).

It is unlikely that the plaintiff will prevail on his claims against the defendants. Any harm which may come to the plaintiff is likely to be minor rather than irreparable and it can be compensated for monetarily should the plaintiff prevail in this action.

Finally, the public interest in the issuance or denial of a preliminary injunction is minimal or non-existent in this case.

The plaintiff has not shown the exceptional circumstances needed for issuance of a preliminary injunction. Accordingly, the plaintiff's request for a preliminary injunction is denied.

Baton Rouge, Louisiana, May ____, 2013.

JAMES J. BRADY
UNITED STATES DISTRICT JUDGE