UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CAREY LOUIS HOOD (#299810)

VERSUS                                                           CIVIL ACTION

SGT. KIMBERLY VESSEL, ET AL                  NUMBER 13-303-JJB-SCR

### ORDER REVOKING IN FORMA PAUPERIS STATUS

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Sgt. Kimberly Vessel, Lt. Arnold Jacob, Lt. Lilly Roblin, Capt. Michelle Piazza, Maj. Dixon, Reginald Ladmirault, Diane Peabody, Asst. Warden Chad Menzina, Dr. Jason Collin and Warden Burl Cain.  Plaintiff alleged that he was issued a false disciplinary report in retaliation for filing an administrative grievance against a correctional officer, he was denied due process at a disciplinary board hearing and during the disciplinary board appeal process, he was subjected to unconstitutional conditions of confinement, and he was denied prompt medical and mental health treatment in violation of his constitutional rights.

Plaintiff filed a motion to proceed in forma pauperis.  Record document number 2.  On May 21, 2013, the plaintiff's motion to proceed in forma pauperis was granted.  Record document number 6.

Section 1915 of Title 28 of the United States Code provides in pertinent part the following:

CIB

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g), as amended.

In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), the Fifth Circuit Court of Appeals held that: (1) section 1915(g) applies to cases pending on the effective date of the statute; and, (2) a suit dismissed prior to the effective date of the statute on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, is considered within the ambit of the "three strikes" provision of section 1915(g). Dismissals as frivolous in the district courts or the court of appeals count for the purposes of the statute. *Id*. Dismissals include only those for which appeal has been exhausted or waived. *Id*. However, dismissals later reversed are not to be counted as a strike. *Id*. By contrast, the frivolous appeal of a lower court's dismissal as frivolous counts twice. *Id*.

Plaintiff has, on three prior occasions, while incarcerated, brought an action in federal court that was dismissed as frivolous or for failure to state a claim upon which relief can be granted,

or an appeal was dismissed as frivolous.[1] Section 1915(g) contains an exception that allows prisoners whose privileges have been revoked to proceed in forma pauperis in cases involving imminent danger of serious physical injury. Plaintiff's claims do not fall within the exception.

A review of the record showed that the plaintiff has paid no portion of the filing fee.

Therefore;

IT IS ORDERED that the May 21, 2013 order granting the plaintiff in forma pauperis status is VACATED.

IT IS FURTHER ORDERED that the plaintiff is barred from proceeding in forma pauperis because he has, on three or more prior occasions, while incarcerated, brought an action in federal court that was dismissed as frivolous or for failure to state a claim upon which relief can be granted, or an appeal that was dismissed as frivolous.

IT IS FURTHER ORDERED that the plaintiff is granted 21 days from the date of this order to pay the court's filing fee in the amount of **$400**.

---

[1] *Hood v. Angelle,* No. 3:09-CV-950-JTT-JDK (M.D. La. Apr. 21, 2010); *Hood v. Voorhies*, No. 3:10-CV-158-JVP-SCR (M.D. La. Mar. 31, 2010); and, *Hood v. Vessel*, No. 3:13-CV-303-JJB-SCR (M. D. La. Nov. 5, 2013) (appeal dismissed as frivolous, stating "**he may not proceed IFP** in any civil action or appeal ... while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury." (emphasis added).)

**The filing fee must be paid in full in a single payment. No partial payment of fees will be accepted.** Failure to pay the filing fee within 21 days shall result in the dismissal of the plaintiff's complaint without prejudice.

IT IS FURTHER ORDERED that a copy of this order shall be mailed or delivered by electronic means, to the plaintiff and to the Centralized Inmate Banking Section for the Louisiana Department of Public Safety and Corrections.

Baton Rouge, Louisiana, December 11, 2013.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE